UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TAMMY DIXON

CIVIL ACTION

VERSUS

NUMBER 07-243-JJB-SCR

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, April 16, 2008.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TAMMY DIXON

VERSUS

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

CIVIL ACTION

NUMBER 07-243-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is a Motion to Dismiss filed by defendant Michael J. Astrue, Commissioner of Social Security Administration. Record document number 5. No opposition has been filed.

Plaintiff Tammy Dixon filed this suit in state court seeking judicial review of the Commissioner's decision denying her claim for Social Security benefits. Based on the statute governing judicial review of Social Security cases, 42 U.S.C. § 405(g), the Commissioner removed the action to this court under 28 U.S.C. § 1441(a) and § 1442(a)(1). The Commissioner now moves to dismiss the plaintiff's action without prejudice for insufficiency of service of process and lack of personal jurisdiction.

Under Rule 4(i)(1) and (2), Fed.R.Civ.P. in order to serve an agency of the United States, a party must take the following actions: (1) send a copy of the summons and complaint by registered or certified mail to the federal agency; (2) serve the United States Attorney for the district where the action is brought, either by delivery or by mail (registered or certified), and (3)

send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States in Washington, D.C.

The time limit for service of process under Rule 4(m) is 120 days.  If a defendant is not served within 120 days after the complaint is filed, the court, on a motion or on its own after notice to the plaintiff, must dismiss the action without prejudice or order that service be made within a specified time.  If the plaintiff shows good cause for the failure to serve the defendant, the court must extend the time for service for an appropriate period.  Without a showing of good cause, the court may exercise its discretion to extend the period for the plaintiff to carry out service of process.[1]  *Thompson v. Brown*, 91 F.3d 20 (5th Cir. 1996); *Henderson v. U.S.*, 517 U.S. 654, 116 S.Ct. 1638 (1996).

Plaintiff failed to served the Commissioner according to the requirements of Rules 4(i)(1) and (2) and 4(m).  Nor has the plaintiff come forward with any information to establish good cause for extending the period to effect service of process. Notwithstanding these facts, the court may exercise its discretion to extend the time for service.  Review of the entire record,

---

[1] "[W]hen a district court entertains a motion to extend time for service, it *must* first determine whether good cause exists. If good cause is present, the district court must extend time for service. If good cause does not exist, the court *may*, in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Thompson*, 91 F.3d at 21.

including the record of the state court case prior to removal, supports the conclusion that the court should exercise its discretion and give the plaintiff additional time to properly serve the Commissioner.

Plaintiff's request for judicial review filed in state court shows that it was filed pro se and without payment of costs. The state court records also reflected that before removal, the sheriff twice attempted service of the citation and the plaintiff's petition. Plaintiff remains unrepresented in this court.[2] In these circumstances, the plaintiff's petition for judicial review of the decision denying her benefits should not be dismissed without allowing her additional time to properly serve the defendant. Plaintiff's in forma pauperis status in state court also demonstrates that under 28 U.S.C. § 1915(d) the U.S. Marshal should be ordered to serve the Commissioner in accordance with Rule 4(i)(1) and (2).

### Recommendation

It is the recommendation of the magistrate judge that the Motion to Dismiss without prejudice for insufficient service of process and lack of personal jurisdiction, filed by defendant Michael J. Astrue, Commissioner of Social Security Administration, be denied.

---

[2] Plaintiff filed her own brief in support of her appeal on June 13, 2007. Record document 3.

It is further recommended that under Rule 4(m) the time limit for the plaintiff to carry out service of process be extended for 20 days following the ruling on this motion, and that under 28 U.S.C. § 1915(d) the U.S. Marshal be ordered to serve the Commissioner in accordance with Rule 4(i)(1) and (2).

Baton Rouge, Louisiana, April 16, 2008.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE